In re Alton D. BROWN, Petitioner.

No. 14–2922.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Aug. 14, 2014.

Opinion filed Aug. 26, 2014.

Alton D. Brown, Huntingdon, PA, pro
se.

Before SMITH, HARDIMAN and
KRAUSE, Circuit Judges.

OPINION

PER CURIAM.

Alton Brown, proceeding pro se and in
forma pauperis, seeks a petition for a writ
of mandamus, requesting that we assign a
new judge to preside over his pro se civil
case in the United States District Court
for the Eastern District of Pennsylvania.[1]
For the foregoing reasons, we will deny
Brown's petition for a writ of mandamus.

Brown primarily alleges that the Dis-
trict Judge is engaged in a conspiracy to
have any cases that Brown initiates in the
District Court assigned to him. Brown
contends that the District Judge's alleged
manipulation of case assignments was an
abuse of discretion that violated local pro-

cedures and the United States Constitu-
tion. In particular, Brown asserts that the
District Judge violated Local Rule 40.1(b),
which describes procedures for the assign-
ment of cases.

In further support of his mandamus pe-
tition, Brown details a series of adverse
rulings concerning amendment of his com-
plaint and the discovery process. Brown
claims that these rulings establish the Dis-
trict Judge's bias against him in particular,
and against pro se prisoner litigants gen-
erally. Brown also contends that the Dis-
trict Court failed to respond to his "re-
quest for clarification" of the District
Court's March 25, 2014 order, which pro-
vided deadlines for the defendants to file a
motion for summary judgment and for
Brown to file a response or affidavit detail-
ing additional evidence he needed to op-
pose the motion for summary judgment.

Mandamus is an extraordinary remedy.
*See In re Diet Drugs Prods. Liab. Litig.,*
418 F.3d 372, 378 (3d Cir.2005). To obtain
mandamus relief, a petitioner must show
that "(1) no other adequate means exist to
attain the relief he desires, (2) the party's
right to issuance of the writ is clear and
indisputable, and (3) the writ is appropri-
ate under the circumstances." *Hollings-
worth v. Perry,* 558 U.S. 183, 190, 130 S.Ct.
705, 175 L.Ed.2d 657 (2010) (per curiam)
(quoting *Cheney v. United States Dist.
Court for D.C.,* 542 U.S. 367, 380–81, 124
S.Ct. 2576, 159 L.Ed.2d 459 (2004)) (inter-
nal quotation marks omitted). Mandamus
is not a substitute for appeal. *See Cheney,*
542 U.S. at 380–81, 124 S.Ct. 2576; *Mad-
den v. Myers,* 102 F.3d 74, 79 (3d Cir.
1996).

1. Brown has filed several recusal motions in
the District Court. His most recent recusal
motion was filed in March 2014, and sought
recusal of the District Court Judge, the Magis-
trate Judge, and the Clerk of Court under 28
U.S.C. §§ 144 & 455. The District Judge

denied it as to himself, ruled that he had no
power to rule on it as to the Magistrate Judge
under *In re Kensington Int'l Ltd.,* 353 F.3d
211, 223 n. 12 (3d Cir.2003), and concluded
that the Clerk of Court was not covered by the
recusal statutes.

To the extent that Brown seeks to challenge the District Court's denial of his motion for recusal under 28 U.S.C. § 144, mandamus relief is not available. *See In re Sch. Asbestos Litig.*, 977 F.2d 764, 774–76 (3d Cir.1992). But we may consider Brown's argument that the District Judge improperly denied his recusal motion under 28 U.S.C. § 455. *See In re Kensington Int'l Ltd.*, 353 F.3d at 219–20; *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir.1993). To determine whether mandamus relief is appropriate, we review the decision not to recuse for abuse of discretion. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 300–01 & n. 12 (3d Cir.2004). If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, that judge must recuse under § 455(a). *See id.* at 301.

The facts in this case do not require that the District Judge or Magistrate Judge recuse.[2] Recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." *In re United States*, 666 F.2d 690, 694 (1st Cir.1981). Brown has provided no evidence in support of his allegation that the District Judge manipulated the random case assignment process, which is his primary basis for recusal. Brown apparently takes issue with the fact that his current case was assigned to the District Judge pursuant to procedures directing assignment of related cases. However, given that Brown had previously filed a pro se civil rights action, *see Brown v. Prison Health Services, Inc.*, No. 2:12–cv–03578 (E.D. Pa., complaint filed June 25, 2012), Rule 40.1(b)(3)(B) of the Local Rules required that the underlying case, also a pro se civil rights action, be assigned to the same District Judge. *See also* 28

U.S.C. § 137. Moreover, litigants do not have a right to have their case heard by a particular judge, have no right to a particular judge-selection procedure, and do not have a right to a randomly selected judge. *United States v. Pearson*, 203 F.3d 1243, 1256 (10th Cir.2000).

Brown's allegation that the District Judge's bias against him and pro se prisoner litigants prevented the District Judge from impartially presiding over his case, particularly in relation to rulings concerning his ability to amend his complaint and the discovery process, is not supported by the record. For example, Brown contends that the District Judge's bias caused him to deny Brown's request for leave to amend his complaint. However, the District Judge did not grant Brown leave to amend because his request came after the completion of limited discovery and near the end of the deadline for him to respond to the defendant's motion for summary judgment. *See* Fed.R.Civ.P. 15(a); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir.2003). Given those facts, there is no basis to question the District Judge's impartiality. Additionally, Brown's displeasure with adverse rulings does not form a basis for recusal. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir.2000). Accordingly, Brown's petition for a writ of mandamus is denied.

---

**2.** To the extent that Brown alleges that the District Court has ignored his claims or filings, we see no undue delay that could be considered a failure to exercise jurisdiction that would require mandamus relief. *See Madden*, 102 F.3d at 79.